## Case No. 11,029.

### PETERS v. BOWMAN et al.[1]

District Court, N. D. Mississippi. June, 1875.[2]

ADMINISTRATORS C. T. A.—EXECUTION OF POWER OF SALE—RIGHTS OF VENDEE—WILLS—DEVISES TO CHARITABLE USES.

[1. Where land is directed to be sold by will, and the executor appointed to execute the trust fails to qualify, the sale may be made, under the Mississippi statute (Code 1871, § 1194), by an administrator with the will annexed.]

[2. One who purchases land with knowledge of defects in his vendor's title stands in his vendor's shoes, with reference to any right to have the title made good by his vendor's grantor.]

[3. The Mississippi statute prohibiting devises to religious or ecclesiastical corporations or for their use, or for the purpose of being given or appropriated to charitable uses (Code 1857, art. 55, p. 302), does not apply to a devise for the purpose of establishing a female school not subject to denominational control.]

[4. Where a will directs the executor to sell lands and, after paying debts, expenses, etc., to pay over the remaining cash assets to trustees for the purpose of establishing a charitable institution, the fact that the devise is invalid under the laws of the state, so far as the charitable purpose is concerned, does not operate to invalidate the sale made by the executor.]

[This was a bill in equity by W. Y. Elliott, administrator with the will annexed of Jonathan Bostick, and D. W. Bowman, against J. R. Chalmers and wife, George B. Peters, and others, to enforce a vendor's lien upon real estate. A cross-bill was filed by some of the defendants, and a demurrer thereto was sustained at the June term, 1864. See Case No. 11,028. The cause is now submitted for final hearing upon the bill, amended bill, answers, exhibits, and proofs.]

H. Ellett, for complainants.

J. R. Chalmers, H. Craft, and E. Mays, for defendants.

HILL, District Judge. This cause is now submitted upon final hearing upon the bill, amended bill, pro confesso answers, exhibits, and proofs, and from which it appears that D. W. Bowman, being the owner of the lands

[1] [Not previously reported.]
[2] [Affirmed in 98 U. S. 56.]

described in the bill, sold an undivided half interest therein to Jonathan Bostick, evidenced by a memorandum thereof in writing signed by Bowman and himself, and by which Bostick became vested with an equitable title to the one-half interest in said lands. Bowman and Bostick were also joint owners of a considerable amount of personal property which it was agreed was to be employed in cultivating said lands for their joint benefit, and which was so employed. Bostick, being the owner of a considerable estate, real and personal, a portion of which was situated in Tennessee and a portion in this state, on the 22d Nov., 1869, made and published his last will and testament, which has been duly established and admitted of record in the proper courts of both states, and in which complainant Elliott was nominated as the sole executor of the estate in Tennessee, and A. B. Guinn sole executor of the estate situated in this state. Guinn died before the testator. Elliott qualified as executor in Tennessee, and obtained from the probate court of Tunica county, in which the will was admitted to record, letters testamentary, and afterwards letters of administration with the will annexed, and proceeded to administer the estate here. That portion of the will which relates to the lands in controversy directs that his executor in Mississippi shall co-operate with said Bowman in the management of his interest in the Bowman lands, in leasing, renting, or cultivating said lands, jointly with said Bowman, until Bowman should wish to make sale, and then to join Bowman in making sale and title to the same, and all property jointly owned by them on said plantation, said sale to be made on such terms as to said executor might seem best, and that in making said sale, as to the time and manner, the same should be done according to the then existing contract and understanding between the testator and Bowman; and further that, if deemed practicable, that the plantation and property should be operated jointly with Bowman until the testator's income from it and his other estate and cash assets should be sufficient to pay off his debts, but which indebtedness he did not charge upon any particular portion of his estate. The testator further directed that the cash assets which remained after the payment of his debts and expenses of administration, including the sale of the Bowman lands, should be paid over to certain trustees named, and be by them applied to the purchase of grounds and the erection of buildings for a female school at or near Triune, Williamson county, Tennessee.

Complainant Elliott, acting under what he supposed to be the power conferred under said will with said Bowman, on the 25th Jan., 1869, sold lands to the defendants, Jaquess Bro's, for the sum of $4,000, cash, and the further sum of $24,000 in four payments of $6,000 each, payable 1st Jan., 1870, '71, '72, and '73, with six per cent. interest from date. Bowman and complainant then executed their joint deed of conveyance to the purchasers to these lands, retaining a lien for the payment of the purchase money and interest. The note falling due Jan. 1st, 1870, was paid; the other three, with interest, remain due and unpaid. On the 25th Jan., 1870, Jaquess Bro's sold and conveyed the lands to the defendant, George B. Peters, for the sum of $11,920, paid in cash, and an obligation upon the part of Peters to pay the three unpaid notes for $6,000 each, executed by them to Bowman and complainant, and to enforce which the bill is filed. Peters entered into an agreement with Chalmers and wife to put them in possession, and who were to cultivate the lands and from the income pay off the notes, and then receive a title to the one-half interest therein. Chalmers and wife immediately went into possession and have continued since to occupy and cultivate these lands. This bill as stated is filed for the purpose of enforcing the payment of the residue of the purchase money under the lien retained. Peters and Chalmers and wife alone resist the payment of the purchase money for the alleged reason that complainant had no power to sell the interest of Bostick, the deed executed by him being as executor and not as administrator with the will annexed, and which, since the hearing upon the demurrer, has been corrected by the execution of a deed, styling himself as administrator with the will annexed, but which, it is insisted, could not be done after the commencement of the suit; and if it had been done before, that the right to sell and convey was a personal trust, and could only be executed by the executor named, and did not survive to the administrator with the will annexed. That the appropriation directed to be made of the proceeds of the sale of these lands being for charitable use, the devise is void under the statutes of this state. That Jaquess Bro's, their vendor and grantor, are insolvent, and unable to respond to their breach of warranty. These positions have been forcibly and ably presented by the distinguished counsel for the defendants, the correctness of which it is the duty of the court to examine and determine, by reason and authority.

The authority read and commented upon by counsel for the defence established the general rule that where an executor is clothed with discretionary power to sell lands devised to be sold or otherwise disposed thereof, the power is a personal trust, which can only be executed by the person or persons named in the will, and does not survive to the administrator with the will annexed. Indeed, without an enabling statute the power conferred by an executor to sell land does not pass the power to the administrator with the will annexed. But by article 136, p. 458, Code 1857, continued in Code 1871, p. 236, § 1194, it is provided, that when land is directed by will to be sold and the executor or person appointed to execute the trust shall fail, the sale shall be made by the administrator

with the will annexed; in other words, the administrator with the will annexed in such case succeeds to the powers conferred upon the executor or person appointed to make the sale, and such power has uniformly been held by the supreme court of this state under the statute. The will of Bostick directed the land to be sold; the time when it should take place was mainly to be determined by Bowman. The direction is to join Bowman in the sale and conveyance. The proceeds of this sale, together with the income of his estate and cash assets, were first to be applied for the expenses of the administration of his estate, and the debts against it, and the remainder to be applied in the purchase of the necessary grounds and the erection of a proper building for a female institute of learning at or near Triune, in Williamson county, Tennessee, so that this land was directed to be sold, the time to be fixed by Bowman, and the terms by the executor, but evidently intended to be in conjunction with Bowman, who held the legal title to all the lands described. Without further comment or reference to authority, I am satisfied the administrator with the will annexed was authorized to sell and convey the equitable interest in these lands, held by Bostick at the time of his death. Letters of administration with the will annexed of Jonathan Bostick were granted to complainant Elliott on the 8th day of November, 1869, prior to the purchase by Peters from Jaquess Bro's, and when the purchase of Peters was made it was known to him that when the conveyance was made to Jacquess Bro's that Elliott was not duly appointed and qualified as administrator with the will annexed, but, as he supposed, as executor, and therefore his power to make the sale and conveyance was then defective, and relied upon the promise of Jaquess Bro's to take such proceedings as would perfect the title; the only thing necessary to be done was the executing of a new deed. Peters relied upon the warranty of his vendors, Jaquess Bro's. The contract, so far as Bowman was concerned, was executed, and, at the time Elliott executed the conveyance, was supposed to be executed upon his part. Had Jaquess Bro's filed a bill for the rescission of the contract after the qualification of Elliott as administrator, and Elliott had then tendered them his deed before final decree, they would have been compelled to accept it; Peters, their vendee, who purchased with a full knowledge of the defect, and as it is admitted, relied upon their promise to have the defect cured, standing in their shoes, and can claim nothing which they could not have claimed. Elliott having, since the commencement of this suit, executed and delivered a proper deed, has placed his vendees and those claiming under them in the same condition as they would have been had the conveyance been made jointly with Bowman upon the original sale and purchase. No other rights having intervened, Jaquess Bro's and their vendee, and Peters, with Chalmers and wife, have been in possession of the land, enjoying its profits, ever since the original purchase, and now have all the title, legal and equitable, to the lands, subject only to the lien for the unpaid purchase money. The numerous authorities referred to by defendant's counsel have no application to the facts in this case. They apply only to executory contracts, where title is to be made upon payment of the purchase money, and a bill is filed for specific performance. Reference might be had to authority to sustain the conclusion, but it is not deemed necessary, as the distinction referred to will be found in the text-books, and adjudicated cases, with little if any dissent. But it is insisted that there is still a more radical defect in the purpose for which the sale was directed to be made, and which it is assigned is found in article 55, p. 302, Code 1857, which prohibits devises to religious or ecclesiastical corporations, or for their use, or for the purpose of being given or appropriated to charitable uses or purposes, which it is insisted is the purpose of this devise, and renders it void. But I am of opinion that, plausible as this position may at first seem to be, a proper construction of this provision of the Code is that some religious or ecclesiastical denominations or some person for them must be intended to control the bequest either for their own benefit or for such charitable purpose as they may elect; the reason for the provision, the evil to be prevented, was the improper influence which might be brought to be bear upon those who might be overcome in sickness, or when apprehending speedy dissolution to overlook the natural objects of their bounty, and dispose of their estate for the benefit of other objects than those upon whom they would confer their property if left unbiased or uninfluenced.

The school intended to be provided for is not shown to have been intended to promote the interest of any denomination, but only for the promotion of the education of the female youth of the country, irrespective of denominational or sectional interests; certainly a public and praiseworthy object, which cannot be presumed to have been obtained by any undue influence, or intended by the law-makers to be prohibited. But admitting that this bequest could not have been carried out, the directions were that the lands should be sold and the proceeds become a part of the testator's monied estate, and be first applied to the expenses of administration and payment of debts. If the residue of the fund could not, under the law, be applied to this trust, then it would pass under the other clauses of the will, if embraced by any of them; if not, then would go to those entitled to it, as in case of intestacy. After a careful consideration of the questions presented, I am satisfied the complainants are entitled to the payment of the unpaid purchase money with interest, and in default of

such payment by the defendants to have the land sold for that purpose. There being no contract between complainant and Peters, or Chalmers and wife, no personal decree can be rendered against them for the amount due. A reference must be had to the master to ascertain the amount of unpaid purchase money with interest.

[On appeal to the supreme court, the decree of this court was affirmed. Peters v. Bowman, 98 U. S. 56.]